**Electronically Filed**
**Intermediate Court of Appeals**
**29873**
**31-OCT-2011**
**09:10 AM**

NO. 29873

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JIM HOGG, Plaintiff, v. GLENN NOBUKI MURAKAMI,
and ANN SUE ISOBE, Defendants-Appellants, and
WALTER JUNICHI MURAKAMI and ETSUKO MARUYAMA MURAKAMI,
as Co-Trustees under that certain unrecorded
Trust Agreement known as The Etsuko M. Murakami
Trust dated December 20, 1989; AMERICAN SAVINGS BANK,
F.S.B.; JOSEPH E. SPADARO, individually and as
Trustee under that certain Declaration of Trust dated
October 3, 2000; and JOHN NELSON SPADARO, JOHN DOES
1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE
GOVERNMENTAL UNITS 1-10, Defendants, and
GLENN NOBUKI MURAKAMI and ANN SUE ISOBE,
Counterclaimants-Appellants, v. JIM HOGG, Counterclaim
Defendant, and MICHAEL DAVID SAKATANI; CHRISTINE MARIE SAKATANI,
and 808 DEVELOPMENT LLC, a Hawai'i limited liability
company, Additional Counterclaim Defendants-Appellees,
and LISA HOGG, JOSEPH E. SPADARO, individually and as
Trustee under that certain Declaration of Trust dated
October 3, 2000; and JOHN NELSON SPADARO, and DOES A
through Z, a Hawai'i limited liability company,
Additional Counterclaim Defendants, and
WALTER JUNICHI MURAKAMI and ETSUKO MARUYAMA MURAKAMI, as
Co-Trustees under that certain unrecorded Trust
Agreement known as The Walter J. Murakami Trust dated
December 20, 1989, and that certain unrecorded Trust
Agreement known as The Etsuko M. Murakami Trust dated
December 20, 1989, Counterclaimants, v. JIM HOGG,
Counterclaim Defendant, and JOHN NELSON SPADARO,
Defendant/Cross-Claimant, v. GLENN NOBUKI MURAKAMI and
ANN SUE ISOBE, Cross-Claim Defendants-Appellants, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE
GOVERNMENTAL UNITS 1-10, Cross-Claim Defendants, and

[CAPTION CONTINUED ON NEXT PAGE]

MICHAEL DAVID SAKATANI, and CHRISTINE MARIE SAKATANI, Additional Cross-Claim Defendants-Appellees, and JOHN DOES 11-100; JANE DOES 11-100; DOE PARTNERSHIPS 11-100; DOE CORPORATIONS 11-100; DOE ENTITIES 11-100; and DOE GOVERNMENTAL UNITS 11-100, Additional Cross-Claim Defendants, and AMERICAN SAVINGS BANK, F.S.B., Defendant/ Counterclaimant, v. JIM HOGG, Plaintiff/Counterclaim Defendant, and AMERICAN SAVINGS BANK, F.S.B., Defendant/ Cross-Claimant, v. GLENN NOBUKI MURAKAMI; ANN SUE ISOBE, Cross-Claim Defendants-Appellants, and MICHAEL DAVID SAKATANI; CHRISTINE MARIE SAKATANI; and 808 DEVELOPMENT LLC, a Hawaiʻi limited liability company, Cross-Claim Defendants-Appellees, and WALTER JUNICHI MURAKAMI and ETSUKO MARUYAMA MURAKAMI, as Co-Trustees under that certain unrecorded Trust Agreement known as The Walter J. Murakami Trust dated December 20, 1989, and that certain unrecorded Trust Agreement known as The Etsuko M. Murakami Trust dated December 20, 1989, and JOHN NELSON SPADARO, Cross-Claim Defendants, and WALTER JUNICHI MURAKAMI and ETSUKO MARUYAMA MURAKAMI, Additional Cross-Claim Defendants, and JOSEPH E. SPADARO, individually and as Trustee under that certain Declaration of Trust dated October 3, 2000, Defendant/Counterclaim Plaintiff, v. JIM HOGG, Plaintiff/Counterclaim Defendant, and JOSEPH E. SPADARO, individually and as Trustee under that certain Declaration of Trust dated October 3, 2000, Defendant/Cross-Claim Plaintiff, v. GLENN NOBUKI MURAKAMI, and ANN SUE ISOBE, Defendants/Cross-Claim Defendants-Appellants, and AMERICAN SAVINGS BANK, F.S.B., JOHN NELSON SPADARO and DOE DEFENDANTS, Defendants/ Cross-Claim Defendants, and MICHAEL DAVID SAKATANI; CHRISTINE MARIE SAKATANI; and 808 DEVELOPMENT LLC, Additional Cross-Claim Defendants-Appellees, and NAOTO LATHROP; YOKO LATHROP; GORDON SUN PUNG WONG; BEVERLY CHANG WONG; KEVIN PAUL HISAMI SUMIDA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for RYAN WELLS and KRISTY WELLS, UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY; and HONSADOR LUMBER CORPORATION, Additional Cross-Claim Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 03-1-1712)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendants/Counterclaim-Plaintiffs/Cross-Claim Defendants/Appellants Glenn Nobuki Murakami and Ann Sue Isobe (collectively, **Appellants**) appeal from the Order Denying Glenn Nobuki Murakami and Ann Sue Isobe's Motion (1) to Disqualify the Honorable Eden Elizabeth Hifo, (2) for a Protective Order, (3) to Set Aside July 28, 2008, Final Judgment and to Expunge All Notices of Pendency of Action Related Thereto, and (4) to Quash All Post-Judgment Garnishment Orders, Writs of Execution, and Debtors' Examination Orders in this Case (**Order Denying Disqualification**), entered by the Circuit Court of the First Circuit (**Circuit Court**) on May 5, 2009.[1]

The issue on appeal is whether Judge Hifo erred in failing to recuse herself and entering the Order Denying Disqualification.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Appellants' contentions as follows:

With their motion to disqualify, Appellants submitted a declaration of counsel and a "Concurring Declaration of Clients" signed by Appellant Murakami. An affidavit or declaration of counsel does not satisfy the statutory requirement for the party seeking disqualification to attest to the disqualifying facts. See Hawaii Revised Statutes (**HRS**) § 601-7 (1993 & Supp. 2010); Jou v. Schmidt, 117 Hawai'i 477, 483, 184 P.3d 792, 798 (App. 2008). The *only* factual assertion set forth in the concurring declaration[2] is that for the reasons set forth by counsel, "Ms. Isobe and I also affirm that we do not believe that we can get a fair hearing before the Honorable Eden Elizabeth Hifo in the

---

[1] The Honorable Eden Elizabeth Hifo presided.

[2] We need not address the propriety of Appellant Murakami's attempt to disqualify Judge Hifo based, in part, on his declaration of his co-party's beliefs and feelings.

3

above-referenced matters and for this Motion, which Judge has demonstrated a personal bias and prejudice against us, and we also feel that she has fostered an appearance of impropriety against us at the very least requiring her immediate disqualification from this case."  A conclusory statement of beliefs and feelings is legally insufficient to require disqualification.

HRS § 601-7 requires a moving party to timely file an affidavit "stat[ing] the facts and reasons for the belief that bias or prejudice exists."  State v. Ross, 89 Hawai'i 371, 377, 974 P.2d 11, 17 (1998).  Specifically, the facts set forth in the affidavit must be sufficient for a "sane and reasonable mind" to "fairly infer bias or prejudice."  James W. Glover, Ltd. v. Fong, 39 Haw. 308, 314-15 (1952).  Even if we consider the assertions in counsel's declaration to be incorporated into the concurring declaration, the Circuit Court did not abuse its discretion in determining that the statutory requirements were not met.  There are no alleged facts demonstrating personal bias on the part of the Circuit Court, other than the bare fact that adverse and allegedly erroneous rulings were made in connection with post-judgment collection-related proceedings.  Adverse and allegedly erroneous rulings are not a basis for disqualification.  See Ross, 89 Hawai'i at 377-78, 974 P.2d at 17-18.

For these reasons, the Circuit Court's May 5, 2009 Order Denying Disqualification is affirmed.

DATED:   Honolulu, Hawai'i, October 31, 2011.

On the briefs:

Gary Victor Dubin
Long H. Vu
Frederick J. Arensmeyer
(Dubin Law Offices)
for Appellants

Kevin P.H. Sumida
(Kevin Sumida & Associates)
for Defendant and Additional
Counterclaim Defendants-
Cross-Claim Defendants-
Cross-Claimants-Appellees
Michael David Sakatani,
Christine Marie Sakatani,
and 808 Development LLC

Presiding Judge

Associate Judge

Associate Judge